# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH JARMAN, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br> v. <br><br> CITY OF GRANITE CITY and AMERICAN TRAFFIC SOLUTIONS, INC., <br><br> Defendants. | Case No. _____ <br><br> Honorable _____ |

## NOTICE OF REMOVAL

Defendant American Traffic Solutions, Inc. ("Defendant ATS") hereby removes the above-captioned action, currently pending in the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois. Removal is based upon the Class Action Fairness Act, codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453, and 28 U.S.C. § 1441(a) and (b).

As grounds for removal, Defendant ATS states the following:

### Background

1. On December 11, 2018, Plaintiff Deborah Jarman filed a putative class action against Defendants City of Granite City ("Granite City") and ATS in the Circuit Court of Madison County, Illinois, entitled *Deborah Jarman v. City of Granite City and American Traffic Solutions, Inc.*, Case No. 18-L-1658 (the "State Court Action").

2. Plaintiff asserts two causes of action: (1) Count I — Money Had and Received, against both Defendants Granite City and ATS; and (2) Count II — violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, against only Defendant ATS.

3. The basis for each count is a red light camera "notice of violation" sent by Defendant ATS on behalf of its Illinois municipal customers.

4. Plaintiff filed this putative class action Complaint seeking to certify a class on behalf of "[a]ll persons who, from December 12, 2013, through the date of final judgment, received a 'Notice of Violation' listed as being from 'a municipal court' of a municipality in Illinois, with a contract from or with American Traffic Solutions, Inc., including Granite City, Illinois, and was not served with notice either personally, via a warrant, or via certified mail return receipt, with proof of actual service available."  (See Complaint at ¶¶ 36 and 37).

5. Plaintiff seeks to recover compensatory damages for the proposed class for all monies paid by class members for violations, as well as attorney fees, costs, and treble damages with respect to Count II.  She further seeks a ruling that she and other class members are not liable for any amounts owed on violations received, but not yet paid.

6. Pursuant to 28 U.S.C. § 1446(a), Defendant ATS has attached all process, pleadings, and orders served on Defendant ATS in the State Court Action as **Exhibit A**.

7. Defendant ATS was served with this lawsuit on January 18, 2019, and this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

8. Notice of the filing of this Notice of Removal has been given to Plaintiff by service of this Notice of Removal upon its attorneys as required by 28 U.S.C. § 1446(d).  A true and accurate copy of this Notice of Removal will be filed with the Clerk of the Circuit Court in Madison County, Illinois in accordance with the provisions of 28 U.S.C. § 1446(d), and a copy of the Notice of Filing is attached as **Exhibit B** (without Exhibits attached).

9. Defendant ATS is not seeking to remove solely under 28 U.S.C. § 1441(a), and thus Defendant Granite City's consent to removal is not required.  28 U.S.C. §§ 1446(b)(2)(A), 1453(b).

Nevertheless, counsel for Defendant Granite City has indicated that Granite City consents to the removal.

## The Class Action Fairness Act ("CAFA") Authorizes Federal Jurisdiction

10. Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453, this Court has jurisdiction over the State Court Action because all three requirements for such jurisdiction are met.

11. CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where: (1) the putative class contains at least 100 members; (2) any member of the putative class is a citizen of a State different from that of any defendant ("minimal diversity"); and (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d); *Sabrina Roppo v. Travelers Commercial Insurance Co.*, 869 F.3d 568, 578 (7th Cir. 2017)

12. Defendant ATS, as the party asserting federal jurisdiction under CAFA, must establish that the three requirements of 28 U.S.C. § 1332(d) are satisfied. Once the removing party proves the proposed class exceeds 100 members, minimal diversity, and the amount in controversy, then the case belongs in federal court.[1] *See Sabrina Roppo*, 869 F.3d at 578 (holding that federal subject matter jurisdiction exists if these three requirements are met).

13. This Court must "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading" under Rule 8 of the Federal Rules of Civil Procedure and must accept as true Defendant ATS's good-faith allegations. *Sabrina Roppo*, 869 F.3d at 579 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014)).

A.  **The Putative Class Exceeds 100 Members**

---

[1] To the extent Plaintiff files a motion to remand and argues that jurisdiction of this Court is lacking, Defendant ATS reserves its right to assert all arguments in favor of such jurisdiction.

CORE/0805797.0010/150611967.1

14. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). Defendant ATS meets this requirement for two separate reasons.

15. First, the Complaint itself alleges that the number of people injured by Defendants is "a minimum of one thousand people." (See Complaint at ¶ 32).

16. Second, the Complaint defines the putative class broadly as "[a]ll persons who, from December 12, 2013, through the date of final judgment" received a Notice of Violation ("NOV") mailed by Defendant ATS on behalf of its Illinois municipal customers. (See Complaint at ¶ 37).

17. Defendant ATS admits it has mailed a NOV on behalf of Illinois municipalities to more than 100 persons in the defined class, and thus the proposed class exceeds 100 members. (See Affidavit of Maureen Manning at ¶ 10, attached hereto as **Exhibit C**).

B.  **Minimal Diversity Exists**

18. CAFA requires minimal diversity—at least one putative class member must be a citizen of a different state than one of the defendants. 28 U.S.C. § 1332(d)(2)(A).

19. Plaintiff is a citizen of Illinois. (See Complaint at ¶ 1).

20. Defendant ATS is incorporated in Kansas, with its principal place of business in Arizona. (See Affidavit of Maureen Manning at ¶ 4).

21. Accordingly, Defendant ATS is a citizen of the State of Kansas and the State of Arizona for diversity purposes, and the minimal diversity requirement under CAFA is met.

C.  **The $5 Million Amount in Controversy Requirement is Met**

22. CAFA also requires that the aggregate amount in controversy exceed $5 million for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

23. In Count I, Plaintiff seeks damages "in an amount in excess of $50,000.00." In Count II, Plaintiff seeks damages "in an amount in excess of $50,000.00." Plaintiff provides little information about the alleged value of the claims. (See Complaint).

24. When a complaint fails to specify the amount of damages sought, as here, then the removing party need only establish the amount in controversy by a good-faith estimate that is "plausible and adequately supported by the evidence." *Bloomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

25. In order to meets its burden, the removing party does not need to establish what damages the plaintiff will recover, *Bloomberg*, 639 F.3d at 763, and does not need to confess liability to show that the amount in controversy exceeds the threshold. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).

26. Rather, the removing party only needs to show how much the plaintiff has placed "in controversy." *Sabrina Roppo*, 869 F.3d at 579 (quoting *Bloomberg*, 639 F.3d at 763).

27. The Complaint identifies two sub-classes: (1) "those class members who actually made payment" of the civil penalty assessed by the Illinois municipality for the red light violation and (2) "those class members who did not actually make payment" of the civil penalty assessed by the Illinois municipality for the red light violation. (See Complaint at ¶¶ 41 and 42).

28. The Complaint alleges that "those class members who actually made payment" did so under duress, and thus are entitled to a refund of those payments. (See Complaint at ¶ 41).

29. The Complaint alleges that "those class members who did not actually make payment" are entitled to a finding of non-liability and should not have to pay the civil penalty currently owed for their violations. (See Complaint at ¶ 42).

30. Plaintiff places "in controversy" the total amount of dollars paid by members of the proposed class, and the total amount of dollars due but not yet paid on NOVs mailed to members of the proposed class by Defendant ATS on behalf of its Illinois municipal customers.

31. Defendant ATS admits that the minimum fine amount for NOVs mailed on behalf of Illinois municipalities is $100.00.  (See Affidavit of Maureen Manning at ¶ 11).

32. Defendant ATS admits it has mailed at least 200,000 NOVs to persons in the proposed class.  (See Affidavit of Maureen Manning at ¶ 10).

33. Plaintiff has placed in controversy an amount that exceeds, at a minimum, $5 million.  (See Affidavit of Maureen Manning at ¶ 12).

34. Accordingly, based on the claims Plaintiff placed in controversy and the evidence Defendant ATS has offered to monetize those claims, the amount in controversy exceeds $5 million.

WHEREFORE, Defendant American Traffic Solutions, Inc. respectfully requests that this Court assume original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

Dated:  February 14, 2019

Respectfully submitted,

STINSON LEONARD STREET LLP

By  /s/ Jon Santangelo
Jon Santangelo, IL Bar # 6202867
Joy C. Syrcle, IL Bar # 6302066
7700 Forsyth Blvd, Suite 1100
St. Louis, Missouri 63105
(314) 863-0800 telephone
(314) 863-9388 facsimile
jon.santangelo@stinson.com

*Attorney for Defendant American Traffic Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 14th, 2019, I electronically filed the foregoing by using the Court's CM/ECF system.  I hereby certify that a true copy of the foregoing was served via United States Mail and email on this 14th day of February, 2019, to:

Thomas G. Maag, Esq.
Peter J. Maag, Esq.
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL  62095

*Attorneys for Plaintiff Deborah Jarman*

                                              */s/ Jon Santangelo*
                                             *Attorney for Defendant American Traffic Solutions, Inc.*

CORE/0805797.0010/150611967.1