IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH JARMAN, individually and on behalf of others similarly situated, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CITY OF GRANITE CITY and )<br>AMERICAN TRAFFIC SOLUTIONS, )<br>INC., )<br>)<br>Defendants. ) | Case No. 3:19-cv-00204-JPG-RJD |

## MEMORANDUM OF DEFENDANT AMERICAN TRAFFIC SOLUTIONS, INC. IN SUPPORT OF MOTION TO DISMISS

**I.   Introduction**

Plaintiff's claims rest entirely on an allegation that she did not receive proper notice of a red light violation she committed because the citation was sent to her by regular mail rather than by certified mail. Plaintiff seeks to certify her claims as a class action to include all persons who have received similar notices of violation in the last five years issued by Defendant City of Granite City, Illinois ("Granite City") or any other Illinois municipality that has contracted with Defendant American Traffic Solutions, Inc. ("ATS") for a red light camera safety program (Complaint, Doc. 1-1, ("Compl.") ¶37).

As described in detail below, the Illinois Vehicle Code contains specific provisions that authorize municipalities to implement red light camera safety programs by ordinance. One such provision expressly permits the sending of any notice of violation "by mail." 625 ILCS 5/11-208.6(d). Granite City, in enacting its Ordinance, specifically followed the red light camera requirements of the Illinois Vehicle Code. (Granite City Ordinance 8174, Doc. 1-1, Ex. A

150680282.3

("Ordinance")). Notwithstanding, Plaintiff cites only to the Illinois Municipal Code that allows service of any summons for violation of an ordinance to be made by certified mail. (Compl, ¶¶4-5).

Plaintiff's Complaint should be dismissed with prejudice because the specific provisions regarding operation of red light cameras contained in the Illinois Vehicle Code control over the more general language contained in the Illinois Municipal Code. This is based on well-settled principles of statutory interpretation recognized by Illinois courts. In fact, at least one Illinois appellate court has already found that, with respect to a red light camera safety program, allegedly contradictory language in the Illinois Municipal Code did not control over the requirements of the Illinois Vehicle Code. *Fischetti v. Vill. of Schaumburg,* 2012 IL App (1st) 111008, ¶ 6, 967 N.E.2d 950, 955 (Ill. App. 2012).

Plaintiff's specific causes of action are also insufficient as a matter of law. First, Plaintiff alleges a claim in Count I for money had and received. The problem with this claim is that neither defendant is alleged to have ever received money from Plaintiff for a violation of the red light camera ordinance. Second, Plaintiff alleges in Count II that ATS violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505. This claim lacks any legal basis because: 1) Plaintiff cannot establish that she is a consumer entitled to protection under the Act; 2) there is no deceptive act where, as here, ATS has complied with the statutory requirements for mailing Plaintiff's notice of violation ("Notice"); and 3) Plaintiff is unable to allege how she was deceived or relied on such deception since she admits to having received the Notice in any event.

As more fully set forth below, Plaintiff's claims should be dismissed in their entirety and with prejudice because no amount of re-pleading will provide a basis for relief to Plaintiff.

150680282.3

## II.     Argument

### A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the facts pleaded in a complaint must be sufficient to show that the plaintiff is entitled to relief, and the plaintiff's claim must be plausible on its face. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Reid v. Am. Traffic Sols., Inc.,* No. 10-CV-204-JPG-DGW, 2010 WL 5289108, at *1 (S.D. Ill. Dec. 20, 2010) (dismissing claims and holding that fines from red light camera violations are not "consumer transactions" under the Fair Debt Collections Practices Act), *quoting Iqbal*, 129 S. Ct. at 1949.  Allegations that support only speculative relief are insufficient. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008).  These standards are designed to avoid the "in terrorem" effect of allowing a plaintiff with a largely groundless claim to force defendants into costly discovery or an increased settlement value. *Id.* (citation omitted).

### B.     **Plaintiff's claims fail as a matter of law because the Complaint ignores the express statutory authorization for mailing of the Notice.**

Illinois law provides a specific statutory scheme in the Vehicle Code to address municipal operation of red light cameras.  625 ILCS 5/11-208.6 ("Red Light Camera Statute").  This section of the Vehicle Code establishes the framework enabling municipalities to enact ordinances governing the use of cameras to record violations of a red light signal.  The requirements include the form of notice to be provided to the violator and the method of service of that notice. Specifically, the notice "shall be delivered to the registered owner of the vehicle, **by mail**, within 30 days after the Secretary of State notifies the municipality or County of the identity of the owner

3

of the vehicle, but in no event later than 90 days after the violation. " 625 ILCS 5/11-208.6(d) [1] (emphasis added).  Thus, the Red Light Camera Statute mandates that notice be sent by mail, rather than by personal service or certified mail.  Granite City has enacted an ordinance addressing red light cameras that complies with the requirements of the Red Light Camera Statute, including delivery of the Notice by mail.  (Ordinance, §10-09-020(C)).

The Complaint ignores this specific statutory authority governing the Notice here; instead claiming that personal service or service by certified mail is required pursuant to the more general Illinois Municipal Code. The Illinois Municipal Code states that "in actions for the violation of any municipal ordinance, the first process shall be a summons or warrant." 65 ILCS 5/1-2.9; (Compl., ¶4).  Further, "[i]n actions for violation of any municipal ordinance where the fine would not be in excess of $750 and no jail term could be imposed, service of summons may be made by the circuit court by certified mail, return receipt requested…." 65 ILCS 5/1-2.9.1; (Compl. ¶5). Plaintiff's reliance on the general provisions of the Illinois Municipal Code rather than the specific statutory scheme under the Illinois Vehicle Code is fatal to both of Plaintiff's alleged causes of action.

The Illinois Supreme Court has determined that "[i]t is … a fundamental rule of statutory construction that where there exists a general statutory provision and a specific statutory provision, either in the same or in another act, both relating to the same subject, the specific provision controls and should be applied." *Knolls Condominium Ass'n v. Harms,* 202 Ill.2d 450, 458, 269 Ill.Dec.

---

[1] A separate provision of the Illinois Vehicle Code also provides enabling legislation related to "automated traffic law violations."  Consistent with the Red Light Camera Statute, it provides that any notice of a compliance violation shall be made "by mail." 625 ILCS 5/11-208.3(b)(3).  Because this section of the Illinois Vehicle Code also contains more specific statutory provisions relating to red light camera violations than the provisions of the Illinois Municipal Code, it further supports the use of mail service for notices sent to violators.

464, 781 N.E.2d 261 (2002); *see also Unifund CCR Partners v. Shah,* 407 Ill. App. 3d 737, 741, 946 N.E.2d 885, 889–90 (2011). This well-settled principle directly applies to the allegations made here by Plaintiff.

The Red Light Camera Statute is specific to the program at issue in Plaintiff's Complaint and requires that the Notice be delivered by mail. That is exactly the form of notice Plaintiff received. As set forth in *Knolls Condominium*, because the form of delivery of the Notice is a specific statutory provision particular to red light camera operations, it controls over the more general provision of the Illinois Municipal Code involving the violation of municipal ordinances cited by Plaintiff.

This position is consistent with an Illinois appellate court decision addressing this same issue concerning the relationship of the Red Light Camera Statute to the Illinois Municipal Code. *Fischetti*, 967 N.E.2d at 950. In *Fischetti*, the plaintiff challenged the red light camera safety program in Schaumburg, Illinois. *Id.* The plaintiff contended that the program violated the Illinois Municipal Code section that allows a municipality to administratively adjudicate a code violation, except those offenses arising under the Illinois Vehicle Code or other offenses related to the movement of vehicles. *Id.* at 954. Because the Red Light Camera Statute is contained in the Illinois Vehicle Code, the plaintiff argued that Schaumberg's program violated the Illinois Municipal Code. *Id.* The trial court entered summary judgment for the municipality. *Id.* at 953.

The appellate court affirmed and held that the red light camera provisions of the Illinois Vehicle Code controlled over the more general provisions of the Illinois Municipal Code. *Fischetti,* 967 N.E.2d at 961. In particular, the court referenced the very specific statutory scheme enacted by the legislature addressing red light camera operations by municipalities. *Id.* at 957. The court found that, with the Red Light Camera Statute, the legislature created a comprehensive

5

administrative process for municipalities to operate and enforce automated red light camera safety programs. *Id.*

The rationale of the court in *Fischetti* applies equally to the challenge made by Plaintiff in this case. In particular, the Red Light Camera Statute sets forth specific statutory parameters, including how notice is to be provided for violations. 625 ILCS 5/11-208.6(d). Those parameters, as in *Fischetti*, clearly control over those provisions of service of process found in the more general Illinois Municipal Code.

The court in *Fischetti* also considered the timing of enactment of the statutory provisions, finding that a law will be read under the assumption that the legislature was aware of statutes already in place at the time of enactment. Here, the general provisions of the Illinois Municipal Code, 65 ILCS 5/1-2-9.1, have been in place since 1961, while the specific provisions regarding automated traffic law enforcement were first enacted more than forty years later, in 2006. *Fischetti,* 967 N.E.2d at 957. Thus, the General Assembly is presumed to have acted "rationally and with full knowledge of all previous enactments …." *Id.* at 955. As in *Fischetti*, the later-enacted Red Light Camera Statute specifically applies to these activities and controls over more general provisions of the Illinois Municipal Code previously in place.

Moreover, the language in the Illinois Municipal Code relied upon by Plaintiff does not conflict with the Red Light Camera Statute. Plaintiff's cited provision only states that "…service of summons **may** be made by the city clerk by certified mail, return receipt requested …" 65 ILCS 5/1-2.9.1 (emphasis added); (Compl. ¶5). Use of the word "may" in the Illinois Municipal Code indicates a permissive rather than mandatory provision. *People v. One 1998 GMC,* 2011 IL 110236, ¶ 16, 960 N.E.2d 1071, 1078 (holding vehicle seizure law that provides a vehicle "may" be returned to a family member or spouse due to hardship is permissive, not mandatory). Illinois

6

courts have previously applied this tenet to the specific provisions on which Plaintiff relies, holding 65 ILCS 5/1-2-9.1 makes service by certified mail optional, but not mandatory. *Thomas v. City of Peoria, Illinois*, No. 06-1018, 2007 WL 418770, at *4 (C.D. Ill. Feb. 2, 2007); *Rist v. City of Peoria*, No. 05-1013, 2006 WL 452582, at *4 (C.D. Ill. Feb. 23, 2006). Even assuming the statute cited by Plaintiff applies here, it does not support a claim that either Granite City or ATS failed to follow Illinois law since the unambiguous language of the cited provision indicates that Granite City had the option, but not the obligation, to send the Notice to Plaintiff via certified mail.

### C. Count I for "money had and received" fails as a matter of law because Plaintiff does not allege that she paid money to either Defendant.

In Count I, Plaintiff asserts a claim for "money had and received." To prevail, Plaintiff must show she "was compelled to pay money to the defendant …" *Butitta v. First Mortg. Corp.*, 218 Ill. App. 3d 12, 15, 578 N.E.2d 116, 118–19 (1991). "A cause of action for money had and received is maintainable where **defendant has received money** that in equity and good conscience belongs to the plaintiff." *Bueker v. Madison Cty.,* 2016 IL App (5th) 150282, ¶ 53, 61 N.E.3d 237, 256. *Id.* (emphasis added). *See also Drury v. McLean Cty.,* 89 Ill. 2d 417, 426, 433 N.E.2d 666, 670 (1982) (holding plaintiffs did not have an action for moneys never received by the county) (internal citations omitted); *Maddox v. ADT Sec. Servs., Inc.,* No. 10 C 3778, 2011 WL 43037, at *1 (N.D. Ill. Jan. 6, 2011) (dismissing claim for money had and received because plaintiff's admission that she did not pay the challenged fee "dooms [that] claim").

Plaintiff has not pleaded these necessary elements here. Indeed Plaintiff nowhere alleges that she paid the $100 fine imposed by Granite City for her red light violation. And a close review of her allegations shows tacit admissions that she did not pay the fine at issue. For example, although Plaintiff alleges that the civil penalty assessed for her violation was $100, she only indicates that she was "directed to pay" the civil penalty and that she "has been personally injured

7

in the amount of at least $1.00." (Compl., ¶¶39 and 43 and Ex. A). Further, she claims "Granite City has administratively adjudicated her as owing a fine that in truth and fact she does not legally owe." (Compl., ¶48). The plain inference from these allegations is that Plaintiff has never paid any amounts to either Granite City or ATS as a result of her receipt of the Notice and her claim fails as a matter of law.

### D. Count II pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") fails as a matter of law.

#### 1. Count II fails as a matter of law because Plaintiff is not a "consumer" for the purpose of the ICFA.

The purpose of the ICFA is to protect "consumers" from "deceptive acts or practices . . . in the conduct of any trade or commerce." 815 ILCS. 505/2; *Avery v. State Farm Mut. Auto. Ins. Co.,* 216 Ill. 2d 100, 179, 835 N.E.2d 801, 849 (2005). To state a claim, Plaintiff must establish that she is a "consumer" for purposes of the ICFA.[2] *Norton v. City of Chicago*, 267 Ill. App. 3d 507, 510, 642 N.E.2d 839, 841 (1994); *see also 3Com Corp. v. Elecs. Recovery Specialists, Inc.*, 104 F. Supp. 2d 932, 939 (N.D. Ill. 2000) (holding plaintiff could not support a claim under the Act because it is not a "consumer" within the definitions under the statute).

The ICFA defines "consumer" as "any person who **purchases or contracts for the purchase of merchandise** not for resale in the ordinary course of his trade or business but for his

---

[2] In limited circumstances, courts have extended a private right of action to one not specifically a "consumer" of the defendant's products where a plaintiff can meet the "consumer nexus test" which requires the plaintiff to establish "(1) that [its] actions were akin to a consumer's actions to establish a link between [it] and consumers; (2) how defendant's representations ... concerned consumers other than [plaintiff]; (3) how defendant's particular [action] involved consumer protection concerns; and (4) how the requested relief would serve the interests of consumers." *Glob. Total Office Ltd. P'ship v. Glob. Allies, LLC*, No. 10 C 1896, 2011 WL 3205487, at *2 (N.D. Ill. July 28, 2011) (allowing a right of action by a competitor where the defendant made false statements about plaintiff's business and mislead consumers in the marketplace). This test is not applicable here as no recipient of a notice of violation at issue is a "consumer" as defined under the ICFA.

use or that of a member of his household." 815 ILCS. 505/1(e) (emphasis added). The conduct alleged by Plaintiff in Count II does not fall within ICFA's scope because Plaintiff is not a consumer for whom the protections of the ICFA is intended.

Indeed, without reference to any specific provisions of the ICFA, Plaintiff alleges ATS violated the Act by engaging in the "deceptive act or practice" of "mailing a purported notice of violation to Plaintiff . . . and representing the same was legitimate and lawful court process when that was not true." (Compl., ¶ 45). The Notice at issue informs Plaintiff of a civil penalty assessed by Granite City for her failure to obey its traffic laws. By her own allegations, Plaintiff did not purchase or contract for the purchase of any merchandise as part of her claim. This is fatal to any claim under the ICFA.

In a case based on very similar allegations, a plaintiff brought a claim against a private company that was seeking to collect unpaid municipal fines. The Northern District of Illinois dismissed the plaintiff's claim and held that, because the plaintiff's debt was based on failure to pay the municipal fines, she did not qualify as a "consumer" under the ICFA. *Worley v. Mun. Collections of Am., Inc.,* No. 14 C 2418, 2015 WL 890878, at *4 (N.D. Ill. Feb. 27, 2015).

Similarly, in *Norton,* the plaintiffs attempted to bring a claim under ICFA for penalties associated with the failure to pay parking tickets. 642 N.E.2d at 841. The appellate court affirmed a dismissal of the claim and noted that "the plaintiffs are a group of private citizens who allegedly committed parking violations. They are not consumers." *Id.*

The same is true of the Plaintiff here.

Plaintiff violated the law by running a red light. Granite City issued Plaintiff (and Plaintiff admits she received) a Notice for that violation. Plaintiff is not a consumer under the ICFA by

9

virtue of her violation. Accordingly, her claim should be dismissed with prejudice as a matter of law.

### 2. Count II fails because the mailing of the Notice was not deceptive as a matter of law.

A claim under the ICFA must allege "deceptive acts or practices … in the conduct of any trade or commerce." 815 ILCS. 505/2. However, conduct expressly authorized by law cannot be "deceptive." *Maldanado v. Freedman Anselmo Lindberg, LLC*, No. 14 C 6694, 2015 WL 2330213, at *1 (N.D. Ill. May 14, 2015).

In *Maldanado,* the plaintiffs alleged that the defendant debt collectors violated the ICFA by purposefully filing default actions in inconvenient venues in order to more easily obtain a judgment. *Id*. at *1, 4. There was no dispute as to the legitimacy of the debt or the right to collect the debt; rather, the only dispute was whether the method of obtaining the judgment was deceptive. *Id*. at *4. The court found defendant's actions as alleged were not deceptive because the conduct "was expressly authorized by Illinois [law]". *Id*. at *4; *see also Mehra v. Law Offices of Keith S. Shindler LTD and Cavalry SPV I, LLC*, No. 14 CV 07059, 2015 WL 1994749, at *5 (N.D. Ill. Apr. 26, 2015) (holding that defendant's act of filing a debt collection action in an inconvenient district was not deceptive under the ICFA because "[i]t would be anomalous to hold that Defendant committed fraud by filing their collection action in a venue specifically authorized by state statute.").

Here, Plaintiff does not dispute that she violated the law nor the validity of the fine. She instead claims ATS's use of regular mail rather than certified mail was somehow deceptive. As described in detail above, however, the mailing of the Notice by regular mail was specifically authorized by the Red Light Camera Statute and Granite City's Ordinance. As a matter of law,

10

ATS cannot have engaged in a deceptive practice or act when its conduct was specifically authorized by law.

The Court should dismiss Count II with prejudice for this additional reason.

### 3. Plaintiff fails to allege she was deceived by receiving the Notice via regular mail.

A claim under ICFA requires a plaintiff to allege she was deceived by the alleged act and that her purported damages were caused by that deception. *Eul v. Transworld Sys.,* No. 15 C 7755, 2017 WL 1178537, at *19 (N.D. Ill. Mar. 30, 2016) *citing Avery*, 835 N.E.2d at 850. In *Eul,* the plaintiffs alleged the defendants engaged in deceptive acts by prosecuting debt collection lawsuits against the plaintiffs without the involvement of the debt holder. *Id.* There, the court dismissed the claims because, among other defects, the plaintiffs failed to allege how they relied on the deceptive act or "how they would have avoided their alleged damages . . . 'but for' the deception." *Id.* The Complaint here suffers from similar deficiencies. Plaintiff includes absolutely no allegations of how she relied on the "deceptive" act or would have avoided the supposed harm "but for" the deception. She simply says she received the Notice by regular mail, but believes (wrongly) she was supposed to receive it by certified mail. (Compl., ¶ 45).

It is easy to see why Plaintiff omitted these critical facts from her claim because sending an item by certified mail differs from regular mail only in that it provides the **sender**, not the recipient (Plaintiff) with proof of delivery. *See* https://www.usps.com/ship/insurance-extra-services.htm (accessed Feb. 16, 2019) ("Certified Mail: Prove you sent it. See when it was delivered or that a delivery attempt was made, and get the signature of the person who accepts the mailing with combined Return Receipt."); *see also Jones v. Flowers*, 547 U.S. 220, 237, 126 S. Ct. 1708, 1720, 164 L. Ed. 2d 415 (2006) ("Using certified mail provides the [sender] with documentation of personal delivery and protection against false claims that notice was never

11

received."). Plaintiff cannot allege facts showing she was deceived under the circumstances because the protections of certified versus regular mail benefit Granite City, not Plaintiff, in providing Granite City with proof of receipt. Moreover, such proof is not even at issue here because Plaintiff admits she received the Notice. (Compl., ¶ 11). Plaintiff did not allege, and could not allege, ATS deceived her by sending the Notice on behalf of Granite City via regular mail. Absent such deception, she can have no claim under the ICFA.

**III.     Conclusion**

For the foregoing reasons, all claims in Plaintiff's Complaint fail as a matter of law, should be dismissed with prejudice, ATS should be awarded its attorneys' fee incurred herein in accordance with 815 ILCS 505/10(a)(c), and awarded all other relief the Court deems just and proper.


Respectfully submitted,

                              STINSON LEONARD STREET LLP

                              By   */s/ Jon Santangelo*
                                 Jon Santangelo, # 6202867
                                 Joy C. Syrcle, #6302066
                                 7700 Forsyth Blvd, Suite 1100
                                 St. Louis, Missouri 63105
                                 (314) 863-0800 telephone
                                 (314) 863-9388 facsimile
                                 jon.santangelo@stinson.com
                                 joy.syrcle@stinson.com

                                 *Attorney for Defendant American Traffic Solutions, Inc.*

150680282.3

## CERTIFICATE OF SERVICE

It is hereby certified that on February 21, 2019, the foregoing document was electronically filed with the clerk of the Court using the CM/ECF system which will send a Notice of electronic filing to all registered counsel of record.

          *By  /s/ Jon Santangelo*
          *Attorney for Defendant American Traffic Solutions, Inc.*

150680282.3