IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH JARMAN, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 19-CV-204-NJR-RJD ) |
| AMERICAN TRAFFIC SOLUTIONS, INC., and CITY OF GRANITE CITY, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the motion to remand filed by Plaintiff Deborah Jarman (Doc. 26), and the motions to dismiss filed by Defendants City of Granite City ("Granite City") (Doc. 14) and American Traffic Solutions, Inc. ("ATS") (Doc. 17). For the following reasons, the motion to remand is denied, and the motions to dismiss are granted.

### FACTUAL & PROCEDURAL BACKGROUND

According to the Complaint, ATS is a corporation that contracts with Illinois municipalities to operate automated red-light enforcement systems (Doc. 1, Ex. 1, pp. 6, 9). The systems use motion detection cameras to capture drivers running red lights and then transmit the data to law enforcement (*Id.* at p. 9). After law enforcement personnel review the data and verify that a violation has occurred, ATS mails traffic citations on behalf of the charging municipality (*Id.*).

In December 2009, Granite City, an Illinois municipality, began using ATS's system after adopting Ordinance 8174 ("the Ordinance") (*Id.* at p. 7). The Ordinance provides that


<s>Page **1** of **10**

an individual found guilty of violating the instructions of an official traffic control device is subject to a civil penalty of one hundred dollars, plus an additional penalty of one hundred dollars for failure to pay the original penalty within sixty days. Granite City, IL, Municipal Code § 10.09.030 (eff. Dec. 1, 2009). The Ordinance states that a notice of the violation shall be served through U.S. mail and provide a date, time, and place where an administrative hearing may take place. *Id.* The hearing gives the alleged violator an opportunity to contest the violation. *Id.* ATS allegedly drafted the Ordinance, along with other similar ordinances adopted by municipalities throughout Illinois (Doc. 1, Ex. 1, p. 9).

Deborah Jarman is a citizen and resident of Granite City, who received a notice through first class mail in November 2018, stating she violated the Ordinance (*Id.* at p. 8). She alleges the Ordinance and its method of service run contrary to Illinois law because the notices are not personally served or sent through certified mail. (*Id.* at p. 10). Consequently, the administrative process created under the Ordinance lacks jurisdiction over individuals who receive the notices and does not comport with due process (*Id.* at pp. 10-11).

Jarman filed this putative class action against Granite City and ATS on December 11, 2018, in the Circuit Court of Madison County, Illinois (Doc. 1, Ex. 1). The Complaint alleges two counts: money had and received against Granite City and ATS (Count I); and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 85 ILCS 505/2, ("ICFA") against ATS (*Id.*). Jarman seeks to certify a class of:

> [a]ll persons who, from December 12, 2013, through the date of final judgment, received a "Notice of Violation" listed as bring from "a municipal court" of a municipality in Illinois, with a contract from or with American Traffic Solutions, Inc., including Granite City, Illinois, and was not served with notice either personally, via a warrant, or via certified mail return receipt, with proof of actual service available.

(*Id.* at p. 12).

On February 14, 2019, ATS removed the case to this Court under the Class Action Fairness Act ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453 (Doc. 1).[1] A week later, Defendants filed motions to dismiss for failure to state a claim (Docs. 14 & 17). On March 19, 2019, Jarman filed a motion to remand, arguing the Court must decline to exercise jurisdiction of the case under CAFA, because it presents a local controversy (Doc. 26). Because the Court's subject matter jurisdiction is in question, the motion to remand must be resolved first. "Subject-matter jurisdiction always comes ahead of the merits." *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007).

## Discussion

**1. Motion to Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under CAFA, federal courts have jurisdiction over cases in which the class consists of 100 or more members, *see* 28 U.S.C. § 1332(d)(5)(B), any plaintiff is a citizen of a state different from that of any defendant, 28 U.S.C. § 1332(d)(2)(A), and the aggregate amount of the plaintiffs' claims exceeds five millions dollars, exclusive of

---

[1] Granite City, a citizen of Illinois, did not expressly consent to removal, but CAFA permits any defendant to remove an action without regard to the citizenship or consent of other defendants. 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.").

interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(6). But Congress qualifies CAFA's minimal diversity rule for class actions that are essentially local in nature. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 677 (7th Cir. 2006). Under the "local controversy" exception, a district court must decline to exercise jurisdiction where

> (1) more than two-thirds of the members of the proposed plaintiff class are citizens of the original filing state; (2) at least one defendant is a defendant from whom members of the proposed plaintiff class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the case.

*Id.* citing 28 U.S.C. § 1332(d)(4)(A).

"[T]he party invoking federal jurisdiction bears the burden of demonstrating its existence," but "once the removing defendants prove the amount in controversy and the existence of minimal diversity, the burden shifts to the plaintiffs to prove that the local controversy exception to federal jurisdiction should apply." *Id.* at 679-80.

Here, minimal diversity exists because ATS is incorporated in Kansas and has its principal place of business in Arizona (Doc. 1, Ex. 1, p. 6), and Jarman is a citizen of Illinois (Doc. 1, Ex. 3). *Dalton v. Teva North America*, 891 F.3d 687, 690 (7th Cir. 2018) (the citizenship of a corporation is its principal place of business and its state of incorporation). As to the amount in controversy, Jarman alleges "an amount in excess of $50,000" for each count, but otherwise provides very little information about damages (Doc. 1, Ex. 1, pp. 13 & 14). When a complaint does not specify the amount of damages, the defendants' "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). In this case, Jarman alleges that the

members of the class who received a notice of violation and paid the penalty are entitled to a refund, and the members of the class who received a notice of violation but did not pay the penalty should not have to do so. The minimum penalty for violation of the Ordinance is $100, and ATS submitted an affidavit stating it sent notices of violations to at least 200,000 individuals who would fall within the class (Doc. 1, Ex. 3). ATS's estimate amounts to $20,000,000, which exceeds CAFA's $5,000,000 threshold. Jarman does not contest that the amount in controversy is satisfied. Accordingly, ATS has demonstrated this case satisfies CAFA's minimal diversity and amount in controversy requirements. Thus the burden shifts to Jarman to prove the local controversy exception precludes federal jurisdiction.

The "local controversy" exception is narrow, and CAFA's legislative history reveals "a strong preference that interstate class actions should be heard in a federal court if properly removed." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 584 (7th Cir. 2017). The plaintiff seeking remand bears the burden of establishing, by a preponderance of the evidence, that the "local controversy" exception to CAFA applies. *Id.* Here, the parties only seriously dispute whether Granite City, the local defendant, "is a defendant . . . from whom significant relief is sought" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II).

CAFA does not define what constitutes "significant relief," but the Seventh Circuit has indicated that a defendant must have allegedly injured a significant portion of the class as a whole. *Roppo*, 869 F.3d at 584-85. Also, "[CAFA's] significant basis provision requires at least one local defendant whose alleged conduct forms a significant basis for *all the claims* asserted in the action." *Id.* at 584 (emphasis in original). In this case, Jarman alleges two counts, and she only brings one of them against Granite City. Furthermore, ATS submitted

an affidavit stating it contracts with nine Illinois municipalities to provide automated traffic systems and send notices on behalf of those municipalities (Doc. 31, Ex. 1). According to its calculations, from December 12, 2013, through December 31, 2018, only 6.63% of the putative class members received notices from ATS on behalf of Granite City (*Id.*). The remaining class members received notices under the authority of the other eight municipalities. Relief for less than seven percent of the proposed class surely does not constitute "significant relief." *See Aburto v. Midland Credit Management, Inc.*, Civil Action No. 3:08-CV-1473-K, 2009 WL 2252518, at *4 (N.D. Tex. July 27, 2009) (denying motion to remand where less than one-half of the plaintiffs sought relief against the local defendant). Jarman has not proved, by a preponderance of the evidence, that the proposed class seeks "significant relief" from Granite City. Thus, the motion to remand is denied.

2. **Motions to Dismiss**

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Claims filed within the federal courts are governed by the Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plaint statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a claim to survive a Rule 12(b)(6) motion to dismiss, the claim must sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

Jarman brings claims for money had and received against Granite City and ATS. In Illinois, a plaintiff bringing a claim for money had and received must allege that "(1) he was compelled to pay money to the defendant, (2) the defendant had no legal right to demand the money, and (3) payment was necessary in order to avoid an injury to his business, person or property." *Butitta v. First Mortgage Corp.*, 218 Ill. App. 3d 12, 578 N.E.2d 116, 118-19 (1991).

Granite City and ATS argue Jarman's claim for money had and received fails as a matter of law because the Illinois Vehicle Code authorizes municipalities to enact ordinances governing the use of red-light cameras. According to Defendants, the Illinois Vehicle Code expressly approves the mailing of notices of violation through U.S. mail and adjudicating alleged violations through an administrative process. 625 ILCS 5/11-208.3; 625 ILCS 5/11-208.6 Thus, the notices of violations are valid, and Jarman has not alleged Defendants acted without any legal right to demand payment of the fines under the Ordinance. But Jarman maintains that the Illinois Municipal Code requires notices be sent by certified mail, and that municipalities must comply with both statutes by providing either personal service or service by certified mail. The dispute is one of statutory construction, so the starting point of the Court's analysis is the statutory language itself. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 3410 (1997).

Jarman's argument hinges on Section 1-2-9.1 of the Illinois Municipal Code ("Section 1-2-9.1"), which was enacted in 1980 and provides, "[i]n all actions for violation of any municipal ordinance where the fine would not be in excess of $750 and no jail term could be imposed, service of summons may be made by the city clerk by certified mail . . . ." 65 ILCS 5/1-2-9.1. Alternatively, Defendants point to Sections 11-208.3 and 11-208.6 of the Illinois Vehicle Code, which were enacted in 2006 to authorize the use of red-light cameras and to

create an administrative process for adjudicating related ordinance violations. 625 ILCS § 5/11-208.3; 625 ILCS § 5/11-208.6. Section 11-208.6 ("the Red-Light Camera Statute"), provides,

> For each violation of a provision of this Code or a local ordinance recorded by an automatic traffic law enforcement system, the county or municipality having jurisdiction shall issue a written notice of the violation to the registered owner of the vehicle as the alleged violator. The notice shall be delivered to the registered owner of the vehicle, by mail, within 30 days after the Secretary of State notifies the municipality or county of the identity of the owner of the vehicle, but in no event later than 90 days after the violation.

When two statutes deal with the same subject matter, "they are to be read in *pari materia* and harmonized when possible." *Matter of Johnson*, 787 F.2d 1179, 1181 (7th Cir. 1986). Here, the different statutes can certainly be read in harmony. Section 1-2-9.1 states that notices of violations "may" be sent via certified mail. The best indicator of legislative intent is the plain meaning of the language, *Ready v. United/Goedecke Servs. Inc.*, 232 Ill.2d 369, 394, 905 N.E.2d 725, 740 (2008), and "may" is ordinarily used to state a permissive rule, *Kingdomeware Technologies, Inc. v. United States*, 136 S. Ct. 1969, 1977 (2016). "Shall," on the other hand, generally imposes a mandatory duty. *Id*. This is especially true when a statute distinguishes between "may" and "shall," as is the case here. *Id.*; *See* 65 ILCS 5/1-2-9 ("Except as provided in Section 1-2-9.1 of this Act, in all actions for the violation of any municipal ordinance, the first process *shall* be a summons or a warrant.") (emphasis added). The most appropriate reading of Section 1-2-9.1 is that municipalities have the option of serving a summons by certified mail, but are not required to do so. *See Rist v. City of Peoria*, No. 05-1013, 2006 WL 452582, at *4 (C.D. Ill. Feb. 23, 2006) ("Although the existence of Section 1-2-9.1 gives the city the option to serve Rist through certified mail instead of issuing a warrant, Section 1-2-0.1 does not require the City to do so. The statute merely says that 'service of summons may be

made by the city.'"). Thus, providing service under the Ordinance by first class mail does not violate Section 1-2-9.1 at all. The Municipal Code merely recognizes that municipalities have the option of serving notices by certified mail.

Even if there was a conflict between the statutes, the more recently enacted Red-Light Camera Statute would control. *Matter of Johnson*, 787 F.2d at 1181-82. And when two statutes concern the same subject matter, the specific statute takes precedence over the more general statute. *Id.* Although Section 1-2-9.1 generally applies to municipal ordinances that impose fines not exceeding $750 and do not impose jail time, the Red-Light Camera Statute specifically applies to violations of ordinances recorded by automatic traffic law enforcement systems.

In sum, the plain language of Section 1-2-9.1 does not require Illinois municipalities to serve notices of violations of red-light camera ordinances by certified mail. Also, Illinois's Red-Light Camera Statute broadly provides for service by "mail." Even if the statutes conflicted, the Red-Light Camera Statute, and its broader service requirements, would control. Unfortunately, Count I of the Complaint rests on the notion that red-light camera tickets are invalid because they are not served by certified mail. Accordingly, Jarman has not alleged Defendants demanded money without a legal justification for doing so, which is a necessary element of a claim for money had and received. Count I must be dismissed with prejudice for failure to state a claim. Granite City is dismissed with prejudice from this case.

ATS argues that Jarman's remaining ICFA claim also must be dismissed for failure to state a claim. Under the ICFA, a plaintiff must allege "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair

practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010).

Here, Jarman alleges ATS's practice of sending notices of violations by U.S. mail is deceptive or unfair. But, as explained above, Illinois law expressly authorizes this method of service. *Maldanado v. Freedman Anselmo Lindberg, LLC*, Case No. 14 C 6694, 2015 WL 2330213, at *4 (N.D. Ill. May 14, 2015) (dismissing an ICFA claim because "the basis for [the] IFCA claim is conduct that was expressly authorized by Illinois's venue provision as well as binding Seventh Circuit precedent."). This is not to say that conduct cannot be deceptive or unfair just because it is accomplished by otherwise legal means. But here, Jarman does not identify any other deceptive or unfair conduct to support her ICFA claim. Accordingly, Count II is dismissed with prejudice for failure to state a claim, and ATS is dismissed with prejudice from this case.

## Conclusion

For these reasons, the Motion to Remand (Doc. 27) is **DENIED**, and the motions to dismiss (Doc. 14 & 17) are **GRANTED**. This action is **DISMISSED with prejudice** for failure to state a claim.

**IT IS SO ORDERED.**

**DATED:  May 20, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**